

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 22, 1960

The Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin 11, Texas

Opinion No. WW-860

Re: Whether the Secretary of
State should accept and file
Articles of Incorporation with
purposes directly connected
with and related to the operation
of a detective agency without
requiring compliance with Sub-
division (96) of Article 1302.

Dear Sir:

This office has considered your opinion request which reads
in part as follows:

"This is to request your opinion concerning proposed Articles
of Incorporation which include the following purpose clauses:

(a) To engage in a sales checking service
for merchants, proprietors, and all other firms,
persons, or corporations engaged in the sale or dis-
tribution of goods, wares and merchandise at retail
or wholesale; for the purpose of determining and
establishing cash or inventory shortages or both
such sources, and the cause and the amount of any
such shortages and the loss, if any, resulting there-
from.

(b) Provide service to merchants, proprietors
and all others engaged in the wholesale or retail sale
or distribution of goods, wares and merchandise, to
inspect, investigate and determine cash or inventory
shortages by said owners of businesses and report
findings to clientele;

(c) To generally conduct an investigation
service to persons engaged in the retail or wholesale
business as it relates to problems of their personnel
where these persons are suspected of being respon-
sible for cash or inventory shortages and detecting
the cause or causes of said shortages.

"Article 9.15B of the Business Corporation Act provides in part as follows:  ". . .any special limitations, obligations, liabilities, and powers, applicable to a particular kind of corporation for which provision is made by the laws of this State. . .shall continue to be applicable to any such corporation. . .".

"It has been the departmental construction of this office since the effective date of the Business Corporation Act (and prior to this administration) that corporations organized for the purpose of operating a general detective agency are "a particular kind of corporation" within the purview of Article 9.15B, and hence must comply with Subdivision (96) of Article 1302 of the Revised Statutes."

It is our understanding that it is the position of the attorneys representing the proposed corporation that the corporation is not a general detective agency within Art. 1302(96).

There are two questions involved in this opinion request:

(1) Is the proposed corporation a general detective agency within Art. 1302(96). The answer is "yes".

(2) Has Art. 1302(96) been repealed by the Texas Business Corporation Act?  The answer is "no".

Article 1302(96) authorizes the incorporation of general detective agencies and provides in part:

> "96. Private corporations may be created under the General Laws of this State by the voluntary association of three (3) or more persons for the purpose of authorizing, creating, and operating a general detective agency to furnish detectives to make investigations and reports of same to the proper persons, to guard, watch and protect property of industrial plants, business institutions and residential properties in this State; providing, however, no such corporation shall be created with less than Ten Thousand Dollars ($10,000.00) capital stock, and providing further that no such corporation shall be incorporated as herein provided, nor shall any permit be issued to any foreign corporation until such corporation shall have executed a good and sufficient surety bond or insurance policy (in the event of a bond to be signed by some good solvent

> bonding company authorized to do business in
> this State, and in the event of an insurance policy
> to be executed by some good solvent insurance
> company authorized to do business in this State)
> and deliver the same to the Secretary of State.
> Said surety bond or insurance policy shall be in the
> sum of Ten Thousand Dollars ($10,000.00) and shall
> be conditioned that the obligor therein will pay to the
> extent of the face amount of such surety bond or in-
> surance policy all judgments which may be recovered
> against said detective agency by reason of the wrong-
> ful or illegal acts of its servants, officers, agents,
> or employees committed by them in the course of
> their employment. . ."

Basically, the purpose of the proposed corporation is to deter-
mine the cause and amount of cash or inventory shortages, and inves-
tigate personnel suspected of being responsible for these shortages.
Subsection (96) provides for the organization of detective agencies
"to make investigations and reports of the same to proper persons,
to guard, watch and protect properties of. . .business institutions
. . .". The function of the proposed corporation is largely investiga-
tive with the view of protecting the properties (both cash and inventory)
of various types of businesses. These proposed activities are within
the scope of Subsection (96). It is the conclusion of this office that if
1302(96) has not been repealed, then the proposed corporation must com-
ply with that article.

The office of the Secretary of State has construed Article 9.15B
as requiring compliance with 1302 Subsection (96) by proposed detective
corporations.

Art. 9.15B of the Texas Business Corporation Act provides in
part:

> ". . .Any special limitations, obligations, liabil-
> ities, and powers, applicable to a particular kind of
> corporation for which special provision is made by the
> laws of this State, including, (but not excluding other cor-
> porations) those corporations subject to supervision under
> Article 1524a of the Revised Civil Statutes of Texas, shall
> continue to be applicable to any such corporation, and this
> Act is not intended to repeal and does not repeal the
> statutory provisions providing for these special limitations,
> obligations, liabilities, and powers." (Emphasis added)

Article 9.16A of the Texas Business Corporation Act provides:

"Subject to the provisions of the two last
preceding Articles of this Act and of Section C of
Article 2.02 of this Act and Section B of this Article,
and excluding any existing general act not inconsis-
tent with any provision of this Act, no law of this
State pertaining to private corporations, domestic
or foreign, shall hereafter apply to corporations
organized under this Act, or which obtain authority
to transact business in this State under this Act,
or to existing corporations which adopt this Act."

Article 9.15B, then, continues the applicability of any special
limitations, obligations, liabilities, and powers, applicable to a par-
ticular kind of corporation for which special provision is made by the
laws of this State. However, 9.16A provides that subject to Art. 9.15,
and others, no other law pertaining to private corporations shall apply
to corporations organized under the Business Corporation Act. The
question becomes, then, whether or not the existing law under the
terms of 9.15B remains applicable to the proposed corporation, or
whether Article 9.16A has repealed the existing law. [ 1302(96)]

It is the opinion of this office that 9.15B is applicable. Article
9.16A explicitly provides that it is subject to the operation of Art. 9.15B.
Article 9.15B continues the applicability of any special limitations,
obligations, liabilities, and powers applicable to a particular kind of
corporation. The existing law [ 1302(96)] places certain obligations
and limitations on detective corporations. Each of such corporations
must have $ 10,000.00 capital stock before it can be chartered, and also
it must place with the Secretary of State a $ 10,000.00 surety bond
conditioned upon the acts of the employees of the corporation. This bond
provision was designed to protect the public against wrongful or illegal
acts of employees of this type of corporation, the nature of which is sus-
ceptible to abuse.

In writing this opinion this office is not unmindful of comments
of the Bar Committee, V.T.C.S., pp. 428 wherein it is stated that in
the opinion of the Bar Committee 1302(96) was repealed by the passage
of the new Corporation Act. In the event that the meaning of a statute
is uncertain or ambiguous, and in the absence of a judicial determina-
tion, executive or departmental construction of that statute is persuasive.
See 39 Tex.Jur. Sec. 126, pp. 235. The Office of the Secretary of State,
since the passage of the Texas Business Corporation Act, has construed
that 1302(96) was not repealed by that Act.

## SUMMARY

The proposed corporation is a general
detective agency within Art. 1302(96), and
Art. 1302(96) has not been repealed by the
Texas Business Corporation Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
Bob E. Shannon
Assistant Attorney General

BES:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
R. V. Loftin, Jr.
W. Ray Scruggs
Bob Rowland

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore